[Civ. No. 20124.   First Dist., Div. One.   Aug. 30, 1962.]

SIGNAL OIL AND GAS COMPANY, Plaintiff and Respondent, v. EUGENE A. TALIAFERRO, Defendant and Appellant.

Eugene A. Taliaferro, in pro. per., for Defendant and Appellant.

Hoey, Hoey & Hall and Francis Hoey for Plaintiff and Respondent.

SULLIVAN, J.—This is an appeal from a judgment in favor of the plaintiff in interpleader, Signal Oil and Gas Company, hereafter referred to as Signal, discharging it as lessee of certain real property from liability to the lessor and other claimants for rent accruing under the terms of the lease, upon compliance with certain conditions set forth in the judgment. Appellant appears here as he did below, in propria persona.

According to the complaint in interpleader, filed March 17, 1960, Bankline Oil Company, hereafter referred to as Bankline, a California corporation and Signal's predecessor in interest, on August 26, 1955, leased from Eugene A. Taliaferro, appellant herein, for a term of 10 years and 10 months, certain real property in San Pablo, Contra Costa County, to be used as a gas station. The lease provided for monthly payments of rent, calculated on the gasoline sold, but not less than $300 nor more than $550. Bankline went into possession on June 1, 1956. Thereafter, on July 10, 1959, it was merged with and into Signal, which acquired all rights and became subject to all liabilities of Bankline under the lease.

The complaint alleged that on December 30, 1955, appellant notified Bankline that he had assigned to the Anglo California National Bank all his rights to moneys due or to become due under the above lease and directed Bankline to pay all said moneys to the above bank until notified by the bank that a certain loan for which the assignment had been made as

collateral, had been fully paid. Thereafter Bankline, until merged with Signal, and Signal after the merger, paid all rent to the Crocker-Anglo National Bank in San Francisco (successor by merger to Anglo California National Bank) up to and including the rent paid on December 15, 1959, for the month of November 1959.

According to the complaint, on January 4, 1960, the defendant, Dorothy Davis Taliaferro, notified Signal that she had purchased the real property covered by the above lease and demanded that all rent accruing under said lease from and after December 17, 1959, be paid to her. On January 13, 1960, appellant notified Signal that the real property had *not* been sold and insisted that the rent be paid as it had been previously. On February 2, 1960, appellant notified Signal that it was in default for nonpayment of rent and that unless Signal cured the default in 20 days, appellant would exercise his rights under the lease. On February 4, 1960, appellant advised Signal that he had conveyed the subject property to one Frances O'Neile.

Signal's above-mentioned complaint against Eugene A. Taliaferro, appellant herein, Dorothy Davis Taliaferro, Crocker-Anglo National Bank, Frances O'Neile, and other fictitious defendants, sought to compel the adverse and conflicting claimants to the rent to interplead and litigate their claims among themselves. Upon filing the complaint, Signal deposited with the clerk of the court the sum of $494.22, being the rent for February 1960. Appellant filed an answer denying most of the material allegations of the complaint and also a cross-complaint against Signal for "damages . . . for the rent," for possession, forfeiture of the lease and attorney fees.[1]

The trial court made appropriate findings and conclusions which it is not necessary to detail here but which found in favor of the plaintiff on its complaint and against the appellant on his answer and cross-complaint. It rendered judgment in Signal's favor, that the defendants interplead their rights to the rental payments and that Signal be discharged from any liability on account of nonpayment of rent "so long as and to the extent that payments of rental are deposited with

---

[1]The complaint in interpleader was originally filed in the Municipal Court for the San Pablo Judicial District. Appellant's demurrer filed therein was overruled by said court. Appellant's answer and cross-complaint were originally filed in the municipal court on July 5, 1960, and thereafter upon transfer of the cause, refiled in the superior court on July 20, 1960, under action No. 79136.

the Clerk of this Court or with Crocker-Anglo National Bank as provided in Stipulations entered into by all of the parties and on file in action No. 78,385 in this Court." The judgment restrained defendants from commencing any action against Signal for rent or because of nonpayment of rent so long as Signal complied with the above conditions, denied appellant all relief on his cross-complaint and ordered that Signal "is entitled to recover as reasonable attorneys fees the sum of $500, which shall be deducted from the sum deposited as provided hereinabove."

Appellant claims that there is no evidence in the record to support the findings or judgment. He argues that Signal had the burden of proving the allegations of its complaint in interpleader and "[t]he record demonstrates that no evidence was introduced by the plaintiff on its behalf." This claim is utterly groundless. The record shows, and on oral argument appellant conceded, that at the trial of the instant action (No. 79136) the court's attention was called to another action in the same court (No. 78385) between the same parties and involving conflicting claims over rental payments under the same lease and to stipulations filed in said action No. 78385 providing for the payment to the Crocker-Anglo National Bank of rentals deposited with the court. While a court normally will not in one case take judicial notice of the records in another case, even though pending in the same court and between the same parties, it may do so where under the circumstances the interests of justice will be advanced or unreasonable hardship avoided and where the records of the other case are brought to the court's attention in some appropriate manner. (See Witkin, Cal. Evidence (1958) § 48, pp. 63-64; 1961 Supp. at pp. 26-27.)

The record shows that at the beginning of the trial, counsel for Signal advised the court that the matter of paying the rental was in effect moot since all the parties had stipulated that the moneys be paid to the bank, pursuant to stipulations filed in action No. 78385. He then handed the file in such case to the trial judge. We have examined certified copies of two stipulations now a part of this record. One of the stipulations, dated September 1, 1960, and filed in action No. 78385 on September 15, 1960, recites the pendency of various suits in interpleader and the deposit in court, in connection therewith, of the rental due under the lease for various months. Included among such recitals is one appertaining to the instant action No. 79136, now before us, and to the deposit

of $494.22 made in connection therewith, as we have heretofore noted. This stipulation provides in part that "[a]ll rentals now on deposit with the Clerk . . . in the above-described interpleader actions, shall be paid to Crocker-Anglo National Bank until its lien . . . is paid in full." At the end thereof appears a "Court Order" reading as follows: "UPON PRESENTATION of the above Stipulation, IT IS HEREBY ORDERED as above stipulated," signed by a judge of said court on September 15, 1960.[2]

The record shows that appellant did not dispute the application of the stipulations, that the court announced it would take judicial notice of the contents of the file in action No. 78385, including the stipulations, and that the court referred to the stipulations on file in said other action, not only in its conclusions but, as we have pointed out, in its judgment. These stipulations are the very basis of the judgment discharging Signal.

Contrary to appellant's claim that no evidence was introduced, the record also shows that Signal introduced in evidence several letters addressed to Signal pointing up the conflicting claims of the defendants to the rent and also introduced a certificate issued by the Secretary of State affirming the merger of Bankline with Signal. Nor is there any merit to appellant's charge of collusion between Signal and the other defendants. Appellant sought to establish this by examining counsel for Signal and for the defendant, Dorothy Davis Taliaferro. No evidence of any collusion appears in the record.

Since the above stipulations conclusively determined the disposition of the rental payments we need not discuss appellant's claim that the judgment was erroneous because made before all defendants filed their answers and in particular because it was entered 11 days before Dorothy Davis Taliaferro filed her answer. As we have pointed out, counsel for said last named defendant appeared at and participated in the trial and was examined by appellant.

Appellant next contends that the court erred in allowing plaintiff in interpleader $500 attorney fees when the deposit in court was only $494.22. This claim has no merit. The statutory basis for the award is unchallenged (Code Civ. Proc., § 386.6). In making the award the court provided that

---

[2]The other and prior stipulation dated June 9, 1960, and filed on July 15, 1960, is to the same general effect and also contains a court order confirming it.

it "shall be deducted from the sum deposited as provided hereinabove." The paragraph of the judgment thus referred to, which we have already set forth above, clearly contemplates the continuous deposits of rent as it becomes due. Thus, despite the unfortunate use of the singular in respect to deduction "from the *sum* deposited," we are convinced that the judgment operated prospectively as well as in the present and that the court was awarding attorney fees with respect to the one month's rent already deposited and the rentals to be deposited in the future. Therefore, the fees allowed did not exceed the fund from which they were to be paid.

The judgment is affirmed.

Bray, P. J., and Molinari, J., concurred.